Barney, J.,
delivered the opinion of the court:
This is a suit to recover damages growing out of a contract made in 1901 for the erection of buildings for the Government in the navy-yard at Portsmouth, N. H. The claim for • damages, as set out in the petition, grows out of an alleged misrepresentation by the officers of the Government, relied upon by the claimant, as to the amount of mud to be removed in the construction of the foundation of the building; also on account of damages incurred by the fact that after the claimant had commenced the construction of the building, and had been to considerable expense in that behalf, a change of location was made necessary for the reason that the location furnished by the civil engineer of the United States was not the location as shown upon the plans furnished bidders by the Government. The petition also contains a count upon quantum meruit for extra work performed and extra materials furnished, at the request of the Government, in the construction of the building.
The defendants demurred to the petition generally, and also specially to the whole thereof, excepting the claim upon quantum meruit as above stated, upon the ground that the same does not state facts sufficient to constitute a cause of action; and the issue of law arising upon such demurrer is before the court for decision. Upon the argument the attorney appearing for the defendants conceded that the general demurrer, so far as it applied to the cause of action upon quantum meruit, was not well taken, and the court agrees with him in that concession. For that reason the remainder of the petition only will be considered in this opinion.
The contract between the parties for the construction of the building is attached to the petition as an exhibit, but only the following provisions of the same, which are contained in the specifications according to which bids were made and the work was done, and which was made a part of the contract, are deemed material to the decision of this case:
“ 24. The contractor shall check all drawings furnished him immediately on their receipt and promptly notify the engineer in charge of any discrepancies discovered therein. Figures marked on drawings shall in general be followed in *112 preference to scale measurements; but the contractor must compare all drawings and verify the figures before laying out the work, and will be held responsible for all errors therein that otherwise might have been avoided. Larger scale drawings shall in general govern smaller scale drawings. In all cases where dimensions are governed by conditions already established, the contractor must depend entirely upon measurements taken by himself, scale or figured dimensions to the contrary notwithstanding. But no deviation from the specified dimensions will be allowed unless authorized by the civil engineer in charge. The contractor will be held responsible for the lines and levels of his work, and he must combine all materials properly.
* * # * ❖ rfi " *
“ 90. Examination of site. Intending bidders are expected to examine the site of the proposed building, and inform themselves thoroughly of the actual conditions and require-' ments before submitting proposals.”
The misleading representation complained of by the claimant is contained in a circular of information issued by the Government to prospective bidders for the contract for the erection of the building and is as follows:
“ From previous observations it is considered safe to estimate on an average of not more than three feet of mud below the elevation given.”
It is contended by the claimant that this extract from the circular of information issued by the Government was a representation amounting to a warranty as to the depth of mud to be excavated in the erection of the building, and that he is entitled to recover for the cost of the excavation of a greater depth.
If no consideration whatever was given to the language contained in the contract upon the subject of the site of the building, it is very doubtful whether the statement as to depth of mud contained in the circular of information referred to can be considered as a representation amounting to a warranty. Upon its face it is a mere “ estimate,” and the rule of caveat erupt or, as applicable to buyer and seller, would seem to require the bidder to examine for himself to determine whether this “ estimate ” was correct or not. That *113 or doing so is not alleged. When we turn to the specifications, which the claimant also had before him before bidding, paragraph 90 of which has already been quoted, all doubt upon the subject is removed. He is there warned to examine for himself as to the site of the proposed building and to inform himself “ thoroughly ” of the actual conditions and requirements before bidding. He was in substance told: “ We believe certain conditions as to the mud exist; but look carefully for yourself before bidding, so as to be sure.”
general rule that all prior negotiations are merged in the contract afterwards entered into, and which would exclude any consideration whatever of the circular of information referred to, might also be invoked in this connection, so that from no point of view can the contention of the claimant to recover damages, occasioned by alleged misrepresentation, be sustained.
For substantially the same reasons the claim for damages on account of the error of the government engineers in the location of the building is also without foundation. Paragraph 24, above quoted, made it the duty of the claimant to check and verify all of the measurements and figures embraced in the drawing furnished, and if he had done so the mistake in location complained of would not have occurred.
Citation of authorities upon the subject under discussion is hardly necessary, but the following cases are directly in point: Simpson v. United States (172 U. S., 372 s. c. 31 C. Cls. R., 217); Brawley v. United States (96 U. S., 105).
except as to the cause of action upon quantum meruit, is sustained with leave to the claimant to amend the same as he may be advised at any time within sixty days.
so as to the cause of action upon quantum meruit, is overruled,